**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                       :
SEAN BROOKS,                           :
                                       :   Civil No. 09-3110 (NLH)
               Plaintiff,              :
                                       :
          v.                           :         OPINION
                                       :
CITY OF ATLANTIC CITY DEPT.            :
OF POLICE,                             :
                                       :
               Defendants.             :
                                       :
```

**APPEARANCES:**

    SEAN BROOKS, #172283
    Atlantic County Jail
    5060 Atlantic Avenue
    Mays Landing, NJ 08330

**HILLMAN, District Judge**

Plaintiff, a prisoner at Atlantic County Jail, seeks to file a Complaint against Atlantic City Police Department and Officers Dooley and Timek, without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of poverty, prison account statement and the absence of three qualifying dismissals, see 28 U.S.C. § 1915(g), this Court will grant in forma pauperis status to Plaintiff. As required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint, without prejudice to the filing of an amended complaint if Plaintiff believes he can cure the deficiencies described in this Opinion.

## I. BACKGROUND

Plaintiff asserts the following facts. He alleges that Atlantic City Police arrested him for an unspecified crime on February 22, 2009, outside the Boardwalk Hotel in Atlantic City. Plaintiff asserts that Officer Dooley instructed Plaintiff to get on the ground, Plaintiff complied, and Officer Dooley handcuffed Plaintiff. He alleges that Officer Timek instructed the K9 officer to "let the dog go" on Plaintiff. (Compl. ¶ 4.) Plaintiff maintains that "they violated my rights by letting the dog go on me while I was handcuffed." (Id.) For relief, Plaintiff "want[s] to be paid for what they let the dog do to me and [he] would like for the officers to get deal[t] with." (Id. ¶ 5.)

## II. STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief.  Id.  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

As for failure to state a claim, the Supreme Court recently refined the standard in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.

The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed. R. Civ. P. 8(d).

3

identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . .  Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S. Ct. at 11949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1950.

This Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

### III.  DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United

5

States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).  This Court construes Plaintiff's allegations as attempting to assert that defendants violated his Fourth Amendment rights by causing excessive force to be used during Plaintiff's arrest.

A.  Fourth Amendment

"[A] claim of 'excessive force in the course of making [a] . . . seizure of [the] person . . . [is] properly analyzed under the Fourth Amendment's objective reasonableness standard.'" Scott v. Harris, 550 U.S. 372, 381 (2007) (quoting Graham v. Connor, 490 U.S. 386, 388 (1989)).  "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable."  Curley v. Klem, 499 F. 3d 199, 203 n.4 (3d Cir. 2007) (quoting Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999)).  "The test of reasonableness under the Fourth Amendment is an objective one."  Los Angeles County, California v. Rettele, 550 U.S. 609, 614 (2007) (addressing reasonableness in executing a search warrant).  "In determining the reasonableness of the manner in which a seizure is effected, we must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests

alleged to justify the intrusion."  <u>Scott</u>, 550 U.S. at 383 (citation and internal quotation marks omitted).  A court evaluates the reasonableness of "a particular use of force . . . from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," while recognizing "that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary.  <u>Graham</u>, 490 U.S. at 396-97.  Proper application of the reasonableness standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  <u>Id.</u> at 396); <u>accord</u> <u>Green v. New Jersey State Police</u>, 246 Fed. App'x 158, 161 (3d Cir. 2007); <u>Baker v. Monroe Tp.</u>, 50 F.3d 1186, 1193-93 (3d Cir. 1995).  Other relevant factors include "the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time."  <u>Sharrar v. Felsing</u>, 128 F. 3d 810, 822 (3d Cir. 1997).

The problem with Plaintiff's Complaint is that he does not sufficient facts to show that the use of force was excessive.

7

Although Plaintiff asserts that defendant Timek told the K9 officer to "let the dog go on" him, this allegation is too vague and ambiguous to show use of excessive force. Because nothing in the Complaint sheds light on what the dog actually did, or in what way Plaintiff was harmed, Plaintiff's allegations do not assert an excessive force claim under § 1983.

However, because Plaintiff may be able to assert facts showing the use of excessive force by filing an amended complaint, this Court will grant Plaintiff 30 days to file an amended complaint stating an access to courts claim.[2]  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 108 (3d Cir. 2002).

---

[2] An amended complaint, if submitted to the Clerk of this Court, will be screened for possible dismissal.  If Plaintiff elects to file an amended complaint, he should describe what the dog did, specify what, if any, injury he may have suffered, and assert facts setting wrongdoing by each defendant.  Moreover, the Atlantic City Police Department is not a "person" subject to suit under § 1983 and the City of Atlantic City may not be found liable under § 1983 "solely because it employs a tortfeasor." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691 (1978).  "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Monell, 436 U.S. at 694.

## **IV.   CONCLUSION**

The Court will (1) grant Plaintiff's application to proceed in forma pauperis, and (2) dismiss the complaint without prejudice to the filing of an amended complaint within 30 days stating a Fourth Amendment excessive force claim.

                                    /s/ NOEL L. HILLMAN
                                    **NOEL L. HILLMAN, U.S.D.J.**

Dated: July 20, 2009

At Camden, New Jersey